People v Romero (2025 NY Slip Op 03085)

People v Romero

2025 NY Slip Op 03085

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-01485
 (Ind. No. 2268/20)

[*1]The People of the State of New York, respondent,
v
Eduardo Romero, appellant.

Arthur G. Trakas (Andrew B. Schultz, Franklin Square, NY, of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jordan Cerruti, and Simcha Engelen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered January 18, 2024, convicting him of course of sexual conduct against a child in the first degree, sexual abuse in the first degree, forcible touching (two counts), endangering the welfare of a child (two counts), and strangulation in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with course of sexual conduct against a child in the first degree based upon allegations that he engaged in sexual conduct with his stepdaughter during a period of time between October 29, 2012, and March 25, 2013, when the child was nine years old. After a jury trial, the defendant was convicted, among other things, of that charge.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the charge of course of sexual conduct against a child in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, the purported discrepancies between the complainant's trial testimony and her prior out-of-court statements were not of such magnitude as to render her testimony incredible or unreliable (see People v Stewart, 222 AD3d 781, 782).
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court